# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 15-942V
Filed: December 1, 2015
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| LEIGHA ROMIG, | |
| Petitioner, | Ruling on Entitlement; Concession; Tetanus-Diphtheria-acellular Pertussis; (Tdap) vaccine; Shoulder Injury Related to Vaccine Administration ("SIRVA"); Special Processing Unit ("SPU"). |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

*Isaiah Kalinowksi, Maglio, Christopher & Toale, PA, Washington, DC*, for petitioner.
*Michael Milmoe, U.S. Department of Justice, Washington, DC,* for respondent.

### RULING ON ENTITLEMENT[1]

**Dorsey**, Chief Special Master:

On August 28, 2015, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] [the "Vaccine Act"]. Petitioner alleges that she received a Tetanus-Diphtheria-acellular Pertussis (Tdap) vaccine on August 2, 2014, and thereafter suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA"). Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On November 23, 2015, respondent filed her Rule 4(c) report in which she concedes that petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, respondent states that

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

> a preponderance of the evidence establishes that the shoulder injury petitioner claims in the petition was caused-in-fact by the administration of her August 2, 2014 vaccination, and that her shoulder pain was not due to factors unrelated to the administration of the vaccine.  In addition, given the medical records outlined above, the statutory six month sequela requirement has been satisfied.  See 42 U.S.C. § 300aa-11(c)(D)(i).  In light of the information contained in petitioner's medical records, respondent has concluded that petitioner's shoulder injury and its sequela are compensable as a 'caused-in-fact' SIRVA injury under the Act. However, it should be noted that the Tdap vaccine was not responsible for any of petitioner's pre-existing maladies for which she was on permanent disability. In addition, MRI abnormalities appeared to have resolved and petitioner's treating physicians were unclear as to why she continued to complain of pain. Finally, issues with the shoulder blade mentioned months after vaccination were attributed by treaters to cervical radiculopathy and these symptoms are not related to SIRVA or to vaccination."

*Id.* at 4-5.

**In view of respondent's concession and the evidence before me, the undersigned finds that petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

                                     **<u>s/Nora Beth Dorsey</u>**
                                     Nora Beth Dorsey
                                     Chief Special Master